Frank A. HOURIHAN, Plaintiff,

v.

Marion B. FOLSOM, Secretary of Health, Education, and Welfare, Defendant.

No. 57 C 956.

United States District Court
N. D. Illinois, E. D.

May 20, 1958.

Frank A. Hourihan, pro se.

Robert Tieken, U. S. Atty., Chicago, Ill., for defendant.

CAMPBELL, Chief Judge.

Plaintiff, Frank A. Hourihan, brings this action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g), seeking review of a final decision of the Secretary denying plaintiff his "Application to Establish a Period of

Disability" under Section 216(i), 42 U.S.C.A. § 416(i).

Section 205(g) provides, inter alia, that "As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based", and that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *". 42 U.S.C.A. § 405(g). The Secretary has filed a motion for summary judgment.

Plaintiff became sixty-five years of age in August 1952. At that time, he applied for and was awarded "old-age insurance benefits" under Section 202(a) of the Social Security Act, 42 U.S.C.A. § 402(a), which benefits he is now receiving.

On March 17, 1955, he filed with the Bureau of Old-Age and Survivors Insurance, Social Security Administration, an "Application to Establish a Period of Disability" under Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i).

Section 216(i) was enacted in 1954 and given retroactive effect for the purpose of preserving the benefit rights for disabled. Commonly known as the "disability freeze", the provision has been described as "analogous to the 'waiver of premium' commonly used in life insurance and endowment annuity policies to maintain the protection of these policies for the duration of the policyholder's disability", Sen.Rep.No.1987, 83rd Cong., 2d Sess. (3 U.S.Code Cong. & Adm.News 1954, at page 3729). So far as material here, Section 216(i) provides:

"(1) The term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, or (B) blindness; * * *. An individual shall not be considered to be under a disability unless he furnishes proof of the existence thereof as may be required."

On November 15, 1955, plaintiff was notified that his impairment did not meet the definition of "disability" in Section 216(i), and that no "period of disability" could be established for him. Upon request for reconsideration, the Bureau, by letter dated April 9, 1956, reaffirmed its determination of disallowance. Plaintiff thereupon requested a hearing before a referee of the Social Security Administration, and indicated his desire to appear at such hearing. On December 6, 1956, plaintiff was notified of the date fixed for the hearing (December 19, 1956) but at that time he informed the referee: "Unable to be there. I ask ruling on the basis of evidence in the record including my brief".

The record contains, among other things, plaintiff's "Application to Establish a Period of Disability", a Medical Report, dated March 24, 1955, prepared by his family doctor, and a letter to the referee, dated July 19, 1956. In his Application, plaintiff states that he first became unable to engage in substantial work in August 1951. He discloses that he completed high school and college, receiving the degrees of B.A. and M.A., and that he also took commercial courses. He states that he has been employed in a clerical position with Kellogg Switchboard & Supply Co. from May 1945 to September 1949 and with Loyola University from July 1950 to August 1951. He states that he has been unable to work thereafter because of an operation in 1903, when his hip joint was removed, and because in later years he has been unable to walk without a cane, a condition which has become progressively worse.

The Medical Report states: "I. Pertinent History. A history of osteomyelitis in 1903 left hip. Was operated on hip at that time and head of femur removed. II. Clinical Findings. Left leg about 3″ shorter than right, moderate limita-

tion of motion of left hip. Moderate muscle atrophy. Needs cane for walking. III. Diagnosis of Disabling Condition. Osteomyelitis—head of left femur—subsequent removal of femoral head and shortening of left leg. IV. Remarks. Walks with considerable difficulty. Prognosis: No improvement expected".

Plaintiff's letter of July 19, 1956, to the referee contains the following statements, including quotations from earlier letters written by plaintiff to the Bureau:

"I was 65 years of age on August 21, 1952, and I had disability a full year before that date, and I had disability in 1949 and 1950 * * *".

"I have had a degree of disability for several years and I cannot walk without a cane. This has handicapped me in my employment, and in several instances has barred me from employment. This handicap has increased in later years, and has resulted in total disability from any substantial gainful work. Since August 1951 I have been unable to obtain work and unable to do any gainful work."

"I have physical disability and I have walked with a cane for more than 30 years. With proven qualifications and capabilities I have had much unemployment, being last to be hired and first to be fired for no proper cause".

In his decision the Referee carefully sets out the above facts and proceeds:

"Section 216(i) provides that an individual is under a 'disability' if he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment, which could be expected to be of long-continued and indefinite duration or to result in death. * * * To find that the inability to engage in any substantial gainful activity is due to an impairment, it must be shown that the impairment is sufficiently severe to be the cause of inability to work. Unemployment or unemployability for other causes is immaterial.

"In the instant case the claimant appears to recognize the above, as he states, 'With proven qualifications and capabilities, I have had much unemployment, being last to be hired and first to be fired for no proper cause.' By this statement claimant indicates that he has found it difficult to gain employment, not because his impairment prevented him from working and accomplishing the required work tasks, but due to employers being disinclined to employ individuals with physical impairments such as the claimant has."

"From the medical evidence in this case, it reasonably appears that although claimant has had an impairment of the left lower extremity since 1903, he thereafter gained college degrees and worked until August 1951 as an accountant. * * * When last examined on March 24, 1955, his impairment was noted to be confined to the left lower extremity which was several inches shorter than the right, with some limited motion at the hip and some atrophy, and that he walks with a cane. Such medical report, which is the only report contained in the record, when taken together with the fact that claimant worked until August 1951 as an accountant, clearly indicates that claimant's impairment did not so seriously affect his overall ability as to make him unable to do any type of substantial gainful work that does not require strenuous muscular activity or much walking for at least six months prior to age sixty-five.

"Claimant contends that the term, 'substantial gainful activity' should be construed to mean the same as 'substantial equivalent employment', which latter term, he alleges, is contained in the 'Unfair Labor Practice Act', and, therefore, the test in his case should be whether or not his impairment prevents him from obtaining employment with commensurate earnings as he previously received prior to August 1951. It is

the opinion of the Referee that Congress in using the language, 'any substantial gainful activity' clearly intended a test of greater severity * * *. Moreover, the Congress intended that inability to obtain certain employment because of physical impairment would not be the test to establish inability to engage in any kind of substantial gainful activity, * * * ".

The Referee denied plaintiff's application, and his decision was affirmed by the Secretary.

■ Under Section 205(g) I cannot make my own appraisal of the evidence. That section expressly makes the Secretary's finding conclusive if supported by substantial evidence. The finality accorded to the Secretary's findings extends as well to the inferences from the evidence made by the Secretary if a substantial basis for them appears in the record. Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728.

■ Clearly, on the record before me, the Referee's finding that plaintiff's impairment did not constitute a "disability" within the meaning of Section 216(i), as he interpreted that meaning, is supported by substantial evidence.

■ In my opinion, the only question in this case is whether the Referee's discussion of Section 216(i) reflects a correct understanding of the standards he was required to apply in arriving at his decision. The Referee's understanding of Section 216(i) obviously was that failure to obtain employment on account of physical impairment must be distinguished from "inability to engage in any substantial gainful activity * * * by reason of such impairment"; and that what constitutes "substantial" gainful activity should not be measured by the type of gainful activity which the claimant might have engaged in prior to his disability.

I am unable to say that the Referee erred in his interpretation of Section 216(i). The Senate Report No. 1987, pp. 20–21, and the House Report No.

1698, p. 23, 83rd Congress, 2d Session, in reporting on the "disability freeze" provision before it was enacted, explained its purpose as follows:

"Definition of disability. Only those individuals who are totally disabled by illness, injury, or other physical or mental impairment which can be expected to be of long continued and indefinite duration may qualify for the freeze * * *."

"There are two aspects of disability evaluation: (1) there must be a medically determinable impairment of serious proportions which is expected to be of long-continued and indefinite duration or to result in death, and (2) there must be a present inability to engage in substantial gainful work by reason of such impairment * * *. The physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantial gainful work. Standards for evaluating the severity of disabling conditions will be worked out in consultation with the State agencies. They will reflect the requirement that the individual be disabled not only for his usual work but also for any type of substantial gainful activity."

I hold that the Referee did not err in his interpretation of Section 216(i) and that his finding that plaintiff's impairment did not constitute a "disability" within the meaning of Section 216(i) is supported by substantial evidence in the record.

Plaintiff has filed a motion to join the American Medical Association, etc., as plaintiff herein. The American Medical Association is not shown to have a joint interest with the plaintiff, and is not a necessary party herein, accordingly said motion is hereby denied.

Defendant's motion for summary judgment is hereby granted. The decision of the Secretary is affirmed. Cause is dismissed.