**Walter V. JONES, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. T–3776.**

United States District Court
D. Kansas.

Sept. 24, 1965.

Perry Owsley, Pittsburg, Kan., for plaintiff.

Newell George, U. S. Atty., Benjamin E. Franklin, Ass't U. S. Atty., for defendant.

TEMPLAR, District Judge.

This is an action by the plaintiff Walter V. Jones to review a "final decision" of the defendant Secretary. The Secretary denied plaintiff's application for a period of disability and disability benefits authorized by the Social Security Act, as amended, Title 42 U.S.C.A. § 416 (i) and 423. Jurisdiction exists pursuant to Title 42 U.S.C.A. § 405(g).

Plaintiff filed his application for benefits January 2, 1964. The record shows that he was born November 23, 1912, that he completed the sixth grade, that from 1942 to 1945 he worked on TNT explosives and assembly of bomb boosters, that he was the lead operator on a fertilizer machine from 1945 to 1951, that from 1951 to 1954 plaintiff drove a large flatbed truck hauling gypsum board, and that commencing in June 1954 he worked for the Freeto Construction Company driving a large tandem axle dump truck and operating an oil distributing machine. In the "off season" he did mechanical work of the various road equipment and machinery operated by the company.

On June 15, 1963, while working for Freeto repairing a gear box, he was walking on narrow beams, 12 to 16 feet high. His feet slipped because of wet conditions and he fell landing on his feet on a railroad tie and on his back underneath the loader. As a result of this fall, he sustained heel fractures in both feet and the right shoulder. Approximately three days after the accident, he began having tension headaches.

The X-Ray reports show evidence of fractures of both calcanei of impacted type, hypertrophic changes along L–4 and 5 and S–1 of the lumbar spine, and hypertrophic changes along the margins of C–4, 5 and 6 of the cervical spine of a moderately advanced degree.

Now, to be considered disabled for social security purposes, a person must be unable to engage in any substantial gainful activity due to a medical condition which is expected to continue for a long and indefinite time. This does not mean that a person must be helpless to qualify. Notwithstanding, his condition must make him unable to work not only at his usual occupation but at any other substantial gainful work, taking into consideration his training and work experience. But the test is the capability of the particular claimant—not that of the average man—to engage in substantial gainful activity. Inability must result from some medically determinable impairment; thus consideration and emphasis may be given to subjective reactions. In other words, pain as a result of the medical impairment, or mind and emotional conditions standing alone may be real and disabling even though unaccompanied by a demonstrable organic defect. (See Page v. Celebrezze, 5 Cir., 1963, 311 F.2d 757.)

In this case, counsel for the plaintiff astutely points out that this claimant was without counsel at the time this record was made, and that claimant's whole contention at the hearing before the examiner was that he was unable to work as a result of the injury aforedescribed, and that the pain suffered by this claimant was not adequately and forcefully presented. This Court agrees with Counsel that pain can be so intense and radiating as to be disabling under the Social Security Act. However, this Court cannot say that the pain theory was not presented and considered by the Secretary; and this Court cannot say that the examiner arbitrarily refused to consider this aspect of the plaintiff's difficulties.

But having to conclude that the Secretary considered this aspect of the case the only other question left is whether or not claimant is incapable of performing in any positions on a reasonable coning in any positions on a reasonably continuous basis in the economy in or near the area in which he resides.

The record shows that a Dr. E. G. Kennedy, a vocational guidance and rehabilitation worker, testified with sufficient specificity of the types of substantial gainful employment which he considered claimant capable of performing and he indicated that such employment was available in or near where claimant resides. The claimant's counsel accurately observes, again, that this is small solace because the plain fact of the matter is that claimant has not found any substantial gainful employment, primarily because of his injury.

This Court is bound by the rule declared in the Tenth Circuit Court of Appeals. It has ruled:

"* * * Although the claimant does not have the burden of negativing every possible job opportunity, the administrative agency has only to produce some evidence from which a finding can be made that the claimant can do some type of work. It does not have the duty of finding a specific employer and a specific job."

See Dvorak v. Celebrezze, 10 Cir., 1965, 345 F.2d 894.

■■ "Substantial evidence" means enough to justify a refusal to direct a verdict when the conclusion sought to be drawn from it be one of fact for the jury. Even though the evidence before the Examiner can be so incompetent as to be considered not substantial, I can not say this is so in this case. My careful review of the record in this case indicates to me that there is substantial evidence to sustain the finding of the Examiner that claimant is not totally and permanently disabled within the purview of the Act, and this claimant is capable of working in some gainful occupation. Under such circumstances, the decision of the Secretary must be affirmed; the motion for summary judgment must be sustained.

Counsel for the Government will prepare and submit the appropriate journal entry.