**Charlie B. GOODWIN, Plaintiff,**
v.
**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**
No. 43419.

United States District Court
N. D. California, S. D.
Feb. 16, 1966.

Dorsey Redland, by Harry Kreamer, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), brought to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for a period of disability and for disability benefits under Sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i), 423. A certified copy of the record developed before the Social Security Administration is on file and both parties have moved for summary judgment.

The plaintiff, Charlie B. Goodwin, is a sixty year old male who has, since 1927, made his living as a longshoreman. As a youth he worked on his stepparents' ranch, performing a variety of routine agricultural tasks. After leaving the ranch, and before beginning work on the waterfront, he held a variety of unskilled and semi-skilled jobs. He unloaded box cars, worked on an automobile assembly line, drove an ice truck, and worked as a locomotive fireman. Since beginning work as a longshoreman he has, during slack periods, performed some carpentry and mechanical work. Plaintiff left school after the tenth grade.

During the course of his working life, plaintiff has sustained a long series of injuries. In 1939, he injured his back, left thumb, abdomen, and shins when he knocked over a pile of steel while working. In 1949, as a result of a fall while working, he sustained injuries to his lower back, neck, and right shoulder. In April, 1952, he sustained another back injury, and in December 1952, was involved in an automobile accident, sustaining neck and back injuries. In January 1954, he broke his left great toe, and in June 1954, he sustained neck and back injuries when he was hit on the head by a heavy steel door. Shortly after this latter accident he began to wear eyeglasses. In 1957, he was again involved in an automobile accident and again sus-

tained injuries to his neck and back. In 1960, he sustained another injury, but the nature of the injury does not appear in the record. Plaintiff sustained his most recent injury in 1962 when he was forced to jump 6–8 feet down to a steel deck in order to avoid being hit by a half ton of Crisco when a steel boom snapped. As a result of this accident he sustained injuries to his heels, back, and neck. Subsequent to this 1962 accident, plaintiff worked irregularly from November 1962 until February 1963, and since that time has not returned to his former occupation. He is now receiving disability benefits from his union.

As a result of this series of industrial and automobile accidents, plaintiff claims he is now unable to engage in the kind of substantial and gainful activity envisioned by the Social Security Act and is therefore entitled to disability benefits. Plaintiff claims he suffers from severe pain in his heels, lower back, and neck. In addition, he complains of failing eyesight, frequent and painful headaches, nervousness, and fatigue.

None of the doctors who had examined plaintiff testified at the hearing. Indeed the only witness appears to have been the plaintiff himself. The hearing essentially consists of an interview, slightly over one hour in length, between plaintiff and the hearing examiner. The examiner based his report, which eventually became the final decision of the Secretary, upon this interview and upon the written reports of the several doctors who had examined plaintiff. If this were an ordinary Social Security review case, wherein the only issue for the court was whether the examiner's findings were supported by substantial evidence, it would be necessary to review the contents of these reports in some detail. But, because the court is of the opinion, as will more fully appear below, that this case must be remanded to the Secretary for failure to make precise findings on two crucial issues, it will suffice to briefly summarize the medical reports.

A careful reading of the reports contained in this record leads to three general observations. First, the doctors who have examined plaintiff are in substantial agreement that he suffers from some medically determinable physical impairments of his feet, lumbosacral spine, cervical spine, and right shoulder. At various times in the past plaintiff has worn a body cast, a back brace, and foot supports. In addition, he suffers from mild diabetes. His condition is relatively stationary. But the examining physicians are also in accord that plaintiff's subjective complaints of pain are out of proportion to the objective clinical findings.

The second observation to be drawn from the reports is that there nowhere appears any thorough attempt to explain the disparity between plaintiff's complaints and the clinical findings. The only attempt to probe this disparity at all occurs in the report of Doctor Takahashi, who diagnoses "[p]robable psychoneurosis and chronic tension state." Doctor Takahashi also refers to the comment of an unnamed neurology consultant who was of the opinion that plaintiff "has got started on a downward spiral of physical problems, emotional adjuncts, and compensation concern. He may be salvaged by a very vigorous rehabilitation program * * *." So far as the record discloses, however, plaintiff has never undergone a psychiatric examination.

Finally, the reports are in substantial agreement as to plaintiff's fitness to work. They agree that plaintiff is not fit to return to the work of a longshoreman, with all the strenuous bending and lifting that job involves. But the reports are virtually unanimous in concluding that plaintiff is fit to do other kinds of work. One report refers to "sedentary work." Another speculates that plaintiff could operate a motor vehicle, operate farm equipment, or work as a machinist, "if the work was relatively light." Several of the reports even suggest it would be good therapy for plain-

tiff to return to some kind of work and be more active physically.

■ On the basis of these medical reports and plaintiff's testimony, the hearing examiner concluded plaintiff was not disabled within the meaning of the Act. The examiner's report recites plaintiff's medical and vocational history, summarizes the medical reports, cites the relevant statutes and regulations, and concludes that plaintiff is not entitled to disability benefits. It may well be that the examiner's ultimate judgment may eventually be found to be supported by substantial evidence. However that may be, the report in its present form cannot be sustained. It fails to make specific findings on two critical issues:

(1) the credibility and truthfulness of plaintiff's subjective complaints of pain, and

(2) the actual employment opportunities available to plaintiff in view of his age, education, experience, and physical and mental condition.

Without such findings, a reviewing court has no basis for determining whether the examiner applied the correct legal standards, or whether, if he did, his conclusions were supported by substantial evidence. It is simply not enough that a hearing examiner arrive at an overall judgment as to a claimant's disability. He must, in the process of arriving at such a judgment, necessarily resolve a series of subordinate issues. And unless his findings on these issues are made explicit and are supported by substantial evidence, his ultimate decision cannot be sustained.

The question of a disability claimant's right to relief because of subjective complaints of pain, when those complaints are not sustained by objective findings, has been the subject of considerable review in recent years. Out of the judicial attention the problem has received, some basic guidelines have begun to emerge. The case of Butler v. Flemming, 288 F.2d 591 (5th Cir. 1961), enunciated the proposition that a claimant has shown disability within the meaning of the Act when he shows that to work causes him great pain. "Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act." 288 F.2d at 595. In so holding the court rejected an alternative standard that would deem a claimant not disabled by pain unless the pain, in addition to causing him discomfort, also aggravated his physical or mental impairment. See Theberge v. United States, 87 F.2d 697 (2d Cir. 1937).

In Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963), the court was confronted with a situation very much like the one at bar. The claimant's complaints of pain were not well substantiated objectively, and the hearing examiner had denied the claim. The court remanded with instructions that the examiner make specific findings on the issue of claimant's credibility and the genuineness of his complaints of pain. To the Secretary's argument that subjective pain is insignificant unless supported by objective findings, the court responded as follows:

"But the statute does not require that disability or its cause be 'substantiated objectively.' Of course it must be 'by reason of any medically determinable physical or mental impairment.' But modern medicine is neither so scientific nor so helpless today that it either does, or must, evaluate only objective factors." 311 F.2d at 654.

When such a variance between subjective complaints and objective findings exist an issue as to claimant's credibility is raised. If this issue is resolved in claimant's favor, that is, if the examiner finds under all the evidence that claimant's complaints of pain are genuine, then such pain, even though it exceeds the objective findings, may serve as a basis for allowance for disability benefits. And

when the examiner's fact findings "turn on credibility choices concerning things as elusive as the truthfulness of subjective symptoms and complaints, the Examiner's report should afford some indication of the choices made and the basis for them." Ibid.

Further explicit rejection of the notion that pain must be substantiated objectively in order to be disabling came in Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963). There the court observed that pain can have psychosomatic or psychoneurotic, as well as organic, roots. And it does not follow from the fact that a claimant's complaints of pain are not traceable to objective clinical or laboratory findings that the pain is not real and disabling to the claimant. For this reason the court held that subjective complaints of pain must be considered by the trier of fact; and if the trier of fact finds that the subjective complaints exceed the objective findings, it becomes his duty, difficult though it may be, to make a finding as to whether claimant's complaints are entitled to belief. Because the hearing examiner had not made such a finding, the case was remanded for further proceedings. See also Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964).

In Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965), whether claimant was disabled turned on whether his complaints of pain resulting from a back injury were truthful. All the medical reports said his complaints were out of proportion to the objective findings and the Secretary had denied the claim for benefits. The court cited Page v. Celebrezze, supra, approvingly but affirmed the Secretary's decision because the issue of credibility had been explicitly resolved against claimant.

Finally, the Ninth Circuit has recently expressed itself on this issue as follows: " * * * it may be necessary, in ascertaining whether statutorily-defined 'disability' exists in a given case, to determine the truthfulness of allegations of subjective pain; and it is of course the duty of the trier of fact to weigh the evidence and find upon this difficult is-

sue. Moreover, performance of this duty cannot be avoided by facile reference to such medical evidence as deals singularly with objective symptoms demonstrable by laboratory analysis." (Citations omitted.) Mark v. Celebrezze, 348 F.2d 289, 292–293 (9th Cir. 1965)

■■ The principle evolved in these cases may be put as follows: Subjective complaints of pain may entitle a claimant to disability benefits under the Social Security Act even though such complaints are not supported by objective clinical findings. When a claimant's complaints of pain are not so supported, the trier of fact must make a reasoned determination that the complaints are not entitled to belief before he can conclude that the claim for benefits must be disallowed, unless, of course, he concludes the claim must be disallowed for an independent reason.

In the case at bar, claimant's subjective complaints of pain are not supported by objective clinical findings. In the absence of any credible evidence whatsoever as to possible non-organic bases for these complaints, and in the further absence of any evidence suggesting that claimant, after working nearly 40 years on the waterfront, is now simply a malingerer, the case must be remanded for a finding on the issue of credibility.

■ A further reason supporting remand is that the hearing examiner failed to make a specific finding as to what employment opportunities might be available to plaintiff in the general area where he lives, taking into account his age, education, experience, and medical condition. The report of the examiner concludes in a very general way that, even though plaintiff cannot return to work as a longshoreman, there are "other types of work" he can do. The report alludes briefly to the statements of some of the examining physicians that plaintiff is medically fit to do some other kind of work, recites plaintiff's vocational history, points out that plaintiff has the burden of proof of his disability, and concludes, "[h]is skills in mechanical

lines should permit certain types of work requiring manual dexterity but which would not necessitate his being on his feet for extended periods of time and would not require continual bending or lifting." This finding is too vague and imprecise to be sustained.

■ It is true that §§ 216(i) (1) and 223(c) (2) of the Act, 42 U.S.C. §§ 416 (i) (1), 423(c) (2), place upon a claimant the burden of establishing his claim for disability benefits. But it is equally true that the Act cannot reasonably be interpreted to require a claimant, in addition to proving that he cannot return to his usual occupation, to produce a catalogue of the Nation's job titles and descriptions and proceed to demonstrate by a preponderance of the evidence his inability to perform each one of them. Kerner v. Flemming, 283 F.2d 916 (2d Cir. 1960); Hall v. Flemming, 289 F.2d 290 (6th Cir. 1961); Butler v. Flemming, 288 F.2d 591 (5th Cir. 1961); Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963); Moke v. Celebrezze, 236 F. Supp. 174 (N.D.Calif.1964); Henninger v. Celebrezze, 349 F.2d 808 (6th Cir. 1965).

■ A disability claimant has met his burden of proof when he has shown he cannot return to his usual or customary occupation, and when it further appears that in view of his age, education, training, experience, and medical condition his ability to engage in any other substantial and gainful activity is speculative. See, in addition to the authorities cited above, Randall v. Flemming, 192 F.Supp. 111 (W.D.Mich.1961); Williams v. Celebrezze, 228 F.Supp. 627 (E.D.Ky.1964); Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir. 1964). At this point it becomes the duty of the trier of fact to make specific findings as to what other occupations, if any, claimant is able to engage in, and as to what actual opportunities there are for claimant to engage in such occupations in the general area where he lives. See, e. g., Kerner v. Flemming, supra; Moke v. Celebrezze, supra; McMullen v. Celebrezze, 335 F.2d 811, 816 n. 6 (9th Cir.

1964); Odom v. Celebrezze, 230 F.Supp. 732 (E.D.S.C.1964); Massey v. Celebrezze, 345 F.2d 146 (5th Cir. 1965). Such findings must be stated in terms of the practical realities of each individual case; the hearing examiner must find what the individual claimant before him can do, not what the hypothetical average man in claimant's condition might do.

There is no doubt but that in some cases it may be difficult for the hearing examiner to make such findings. The medical reports may often be of limited usefulness in resolving such issues. The claimants themselves will often be uneducated and not represented by counsel. The hearings at which the evidence is presented to the examiner are usually brief, with no cross-examination. But none of this relieves the examiner of his duty to make express findings as to claimant's ability to engage in substantial and gainful activity. The examiners who hear these cases are, after all, specially skilled in bringing together the medical, psychological, historical, educational and economic data on disability claimants and arriving at judgments as to their qualifications for benefits under the Act. And it may also be noted that some hearing examiners appear to be placing increasing reliance on the testimony of educational and vocational guidance experts in disability cases. See Massey v. Celebrezze, supra; Jones v. Celebrezze, 246 F.Supp. 701 (D.Kan. 1965); McKay v. Gardner, 245 F.Supp. 739 (W.D.Pa.1965).

The finding in the case at bar that claimant can do other types of work because he has "skills in mechanical lines" and has, in the past, done work other than that of a longshoreman, manifestly cannot be sustained under the standards set out above. The claimant here is over 60 years old and has spent substantially all his working life as a longshoreman. He is now, apparently, physically unable to continue in such work. His ability now to make a transition to some other form of substantial and gainful activity is, on the present

state of the record, speculative, to say the least. It is certainly not enough to say to him that he should return to his rural beginnings and take up once more as an agricultural worker. Nor is it enough to merely point that on certain unspecified occasions since 1927 claimant has, during slack periods on the waterfront, obtained temporary employment in some unspecified types of carpentry and mechanical work. As pointed out above, findings on this issue must be specific and realistic. These findings are neither.

Accordingly, the case is hereby remanded to the Secretary of Health, Education and Welfare in order that further findings may be made in accordance with this opinion. The court will not undertake to prescribe the course of the proceedings on remand except to state that each party should be free to supplement the present record with such additional evidence as each may deem appropriate.

So ordered.