**Joe MAREK, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. 70 C 96.**

United States District Court,
N. D. Illinois, E. D.

Aug. 24, 1970.

---

Anna D. Marek, Ontarioville, Ill., for plaintiff.

Thomas Foran, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This action is brought under 42 U.S.C. section 405(g) to review a final decision of the Secretary of Health, Education and Welfare (HEW) which denied plaintiff's disability application under section 216(i) of the Act, 42 U.S.C. § 416(i) and refused plaintiff any disability insurance benefits under section 423 of Title 42. The defendant Secretary has moved for

summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] The issue presently before this Court is whether the decision of the Secretary to deny Mr. Marek the benefit of disability insurance under the Social Security Act is supported by substantial evidence on the whole record. 42 U.S.C. § 405(g). The relevant facts are as follows.

Plaintiff filed with the Social Security Administration an application for a period of disability and for disability insurance benefits on May 3, 1967. He alleged therein that he had become unable to work in 1961 at age 31. His initial application was denied and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration it was determined that plaintiff was not under a disability. Both plaintiff and his attorney, as well as witnesses, then appeared before a hearing examiner who considered the case de novo. They presented testimony and exhibits concerning plaintiff's physical condition. Only one examining and treating physician was called by plaintiff, although additional medical evidence, by way of exhibits, was before the hearing examiner. The hearing examiner found that plaintiff was not under a disability starting on or before September 30, 1963.[2] The hearing examiner's decision became a final disposition of the Secretary of HEW on November 19, 1969 when the Appeals Council denied plaintiff's request for review. Judicial review of that determination is now before this Court.

Defendant contends in his motion for summary judgment that the burden of proving the existence of a "disability" under the statute is on the plaintiff and that the plaintiff must show that any such disability originated during the pendency of a disability application. See, Moon v. Celebrezze, 340 F.2d 926 (C.A.7, 1965); Jones v. Celebrezze, 331 F.2d 226 (C.A.7, 1964); Kartje v. Secretary of HEW, 359 F.2d 762 (C.A.7, 1966); Henry v. Gardner, 381 F.2d 191 (C.A.6, 1967); Culbertson v. Celebrezze, 228 F. Supp. 208 (E.D.Wis.1964).

Plaintiff does not disagree but argues 1) that there is a question of material fact in issue and that therefore a motion for summary judgment is inappropriate; 2) that if summary judgment is appropriate, then the determinations made by the hearing examiner were factually erroneous and a proper interpretation of the evidence requires a judgment for plaintiff; and 3) that the burden of proof rests on the Secretary once plaintiff has established a disabling disease.

Plaintiff's argument that summary judgment is inappropriate is without merit as there is no question of material fact in issue. As will be seen more fully hereinafter, the only issue before this Court is whether the Secretary's decision that plaintiff was not under a disability as defined in the Social Security Act on or prior to September 30, 1963 is supported by substantial evidence.

Plaintiff has also contended that certain conclusions have been drawn from false or misleading exhibits. One such conclusion is that an exhibit offered for consideration indicated that a biopsy had been taken when this was not true.

1. In disposing of defendant's motion we are construing plaintiff's brief in opposition and his supporting affidavits to be in the nature of a motion for summary judgment. Thus, we are disposing of cross motions for summary judgment.

2. This date is relevant because it runs to the basic question in issue which is whether the claimant is entitled to the establishment of a period of disability and to disability insurance benefits under the provisions of sections 216(i) and 223 of the Social Security Act, as amended. These sections of the law provide that an individual must meet simultaneously two requirements: 1) he must have an insured status at the time he became disabled, and 2) he must be under a disability. With respect to the insured status the record of earnings maintained for Joe Marek indicate that he was last insured for disability purposes on September 30, 1963. Thus, the issue before the hearing examiner was whether plaintiff was at any time before September 30, 1963 under a disability and, therefore, unable to engage in any substantial gainful employment.

It is true that Government Exhibit 13 purported to indicate that a biopsy had been taken. Notwithstanding this original error, the issue was entirely ventilated before the hearing examiner at the time of plaintiff's *de novo* review. Prior to the formal hearing before the Bureau of Hearings and Appeals, plaintiff's attorney brought this error to the hearing examiner's attention, and was permitted by the hearing examiner to read into the record the correct, but theretofore omitted, position which simply indicated that definite biopsy material could not be obtained. Moreover, the treating physician testified before the hearing examiner that the earlier notation, i. e., that a biopsy had been taken, was erroneonus. Thus the hearing examiner had before him a complete and detailed account of the history surrounding the question of whether or not a biopsy was taken. Plaintiff's contention, therefore, that his disability claim was denied because erroneous information was considered vis a vis a biopsy, is in error.

Plaintiff also avers that since the examining physician's testimony was that "although a remission occurred it does not necessarily mean that the disease has subsided * * *", a conclusion that the condition has not recurred does not follow, and to arrive at such a conclusion is error. The possibility of a recurrence is obviously not inconsistent with a finding that the possibility has not materialized and there has been no recurrence.

Plaintiff further argues that his application could not possibly have been correctly evaluated because the record of the treating physician does not confirm the hearing examiner's report and evaluation. We find this argument equally unpersuasive. The hearing examiner's decision does not dispute the fact that the claimant has sarcoidosis and that the disease was present at a time prior to the expiration of his insured status on September 30, 1963. Mere diagnosis of a disease does not indicate either the severity or the extent of disfunction caused thereby. Plaintiff's attorney furnished the hearing examiner with an informative brief on the subject of sarcoidosis. From these materials Miss Marek, as her brother's attorney, concluded that the disease with which plaintiff is afflicted is slowly progressive and malignant. Dr. Slager's testimony as well as the submitted materials themselves, cast some doubt on the malignancy question. Both the testimony and the exhibits do establish beyond any doubt that plaintiff's condition improved following his brief hospitalization. However, the medical record is alarmingly bare on the severity, or regularity, of any subsequent exacerbation and there appears to be no determination by the Secretary as to the severity of such subjective questions as pain, immobility and their consequent effect on employability.

■ Judicial review of a final decision of the Secretary of Health, Education and Welfare is statutorily provided for in 42 U.S.C. § 405(g). This section of the United States Code limits our power to review because it provides that, if the Secretary's decision is supported by substantial evidence, it shall be conclusive. Because of this substantial evidence rule, we may not consider the case *de novo*. As stated by Judge Campbell of this Court in Hourihan v. Folsom, 196 F.Supp. 534, 537 (N.D.Ill., 1958).

> Under section 205(g) I cannot make my own appraisal of the evidence. That section exressly makes the Secretary's finding conclusive if supported by substantial evidence. The finality accorded to the Secretary's findings extends as well to the inferences from the evidence made by the Secretary if a substantial basis for them appears in the record.

■ Following a review of the hearing record and the exhibits, the hearing examiner found that the claimant did not have an impairment or impairments which prior to September 30, 1963 were so severe and unamenable to therapy that they prevented him from performing any of his former jobs as an un-

skilled laborer for any continuous period of twelve months, and that, therefore, he was not under a disability as defined in Section 216(i) and 223 of the Social Security Act as amended at any time prior to September 30, 1963. It is our task to decide whether or not the Secretary's determination is supported by substantial evidence.

"Disability" within the Social Security Act, as amended, means

* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. Section 303a(2), Public Law 89–97, July 30, 1965.[3]

Public Law 90–248 has further amended the definition of disability to read that, for the purpose of determining whether or not an individual is disabled within the definition of disability,

* * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

In addition, section 158(b) of Public Law 90–248 provides that:

(3) * * * a physical or mental impairment is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

These amendments were promulgated by Congress in order to make it clear that an individual should not be determined to be under a disability under the Act if, despite his impairment or impairments, he was still physically and mentally capable of doing work. It is, of course, important to recognize here that Congress in enacting these amendments did not intend that the test for disability should be limited solely to a determination of whether an individual could physically or mentally perform the tasks of a particular job. Rather, the Congressional mandate requires that an individual be not only able to do the concomitant tasks of his employ, but also to be physically able to continue at a job long enough to be considered gainfully employed.

Notwithstanding the Secretary's consistent judgment that only objective medical evidence of plaintiff's physical condition during the period of insured status should be considered in determining the claimant's ability to work, a careful review of the record established before the hearing examiner in the instant case reveals that the Secretary, in adopting the findings of the hearing examiner, has misconstrued the Congressional mandate. It has never been Congress' intent that the Social Security Act should be administered on a consideration of anything

---

3. The amendment changed the last clause of the 1954 disability provision. The former clause provided * * * or to be of long continued and indefinite duration.

other than an appraisal of a particular individual's case.

The Secretary's basic conclusion, i. e., that plaintiff, Joe Marek, although suffering from sarcoidosis, which is a respiratory impairment that diffuses pulmonary activity and exhibits a pattern of severe exacerbations followed by remissions, could have returned to quasi-normal activity once the disease had remitted, fails to be sustained upon a scrutiny of the established record.

It has been frequently established via application and interpretation of the provisions of the Social Security Act that a fundamental element in the resolution of the disability issue is subjective evidence of pain and incapacity as testified to by plaintiff, corroborated by the testimony of others and a record of limited physical activity. The significance of such subjective evidence was detailed in Underwood v. Ribicoff, 298 F.2d 850, 851 (C.A. 4, 1962). In that case, the Fourth Circuit held that,

> * * * there are four elements of proof to be considered in making a finding of Claimant's ability or inability to engage in any substantial gainful activity. These are: 1) objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, 2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, 3) the subjective evidence of pain and disability testified to by Claimant, and corroborated by his wife and his neighbors, 4) Claimant's educational background, work history and present age.

Irrespective of the precise objective medical analysis, subjective evidence of pain and disability testified to by the claimant is generally accepted to be relevant under the Social Security Act. Substantial precedent exists to support the proposition that "subjective complaints of pain may entitle a claimant to disability benefits under the Social Security Act even though such complaints are not supported by objective clinical findings." See, e. g., Goodwin v. Gardner, 250 F. Supp. 454, 458 (N.D.Calif., 1966) and cases cited therein.

In addition to this question of overall evidentiary significance, the Secretary's final determination represents a fundamental misconception of the Congressional intention in enacting a Social Security Disability provision. The Secretary has apparently assumed that, because a man may be physically capable of performing those acts which comprise the rudimentary performance of a particular job, that man can "engage in * * * substantial gainful employment," as the phrase is intended to be understood under the Act.

Certainly, however, no one can deny that a fundamental and very real cleavage exists between one's ability to perform those acts which constitute a certain job and the ability to continually function at that job. It is undisputed and the evidence substantiates the fact that the claimant suffers from intense periods of recurring pain, and at least once a week his ankles swell so that the wearing of a shoe is virtually impossible. Moreover, it is uncontested that these symptoms have remained relatively continuous since soon after his hospitalization in 1960 and that he has not in fact been gainfully employed since that time. In terms of plaintiff's ability to continue at any one job for a period which would amount to engaging in substantial gainful employment, the answer to the question of whether a disability was present must, when pragmatically considered, be contrary to the ultimate determination of the Secretary.[4]

---

4. This question of plaintiff's ability to retain a job is severable from the question of plaintiff's hireability. It has been correctly pointed out both by the Secretary and this Court that the Act provides that disability must be established regardless of whether the claimant would be hired if he applied for work. The Secretary incorrectly assumes away the separate and critically significant ques-

What must be recognized is that adherence to the narrow concept of initial employability as distinguished from the question of the ability to engage on a continuing basis in substantial gainful employment can, and has lead to in this case, misconceptions which devitalize and dehumanize the Social Security Act, a result clearly not intended by the Congress. Under the Secretary's analysis, unless an individual is completely disabled and inert, he is physically capable of performing some employment and is, therefore, precluded from any disability benefits despite the fact that he may be totally incapable of holding any job for any meaningful period of time.

To construe the Social Security Act in this way is to incorrectly intepret its express language. To be sure, the intent of the Act is to establish a uniform, national definition of disability. But it has never been either the express or the interpretative intent of Congress to prohibit each case from being evaluated on an *ad hoc* basis. Moreover, the courts have recognized and required that the uniform definition concept not be considered in a vacuum. "The act is concerned, not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has." Sobel v. Flemming, 178 F.Supp. 891, 894 (E.D. Penn., 1959).

For the foregoing reasons, we find that the Secretary's determination is not supported by substantial evidence, and that, by virtue of the entire record including the hearing examiner's finding, since the plaintiff last met the special earning's requirement for disability insurance on September 30, 1963, he is entitled to the disability benefits for the period of insured status.

Accordingly, pursuant to this Court's authority under 42 U.S.C. § 405(g)

tion whether or not the evidence shows that the claimant could successfully remain employed in a job. See, Taylor v. Gardner, Secretary of Health, Education

which provides that the reviewing court " * * * shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing" defendant's motion for summary judgment is denied and judgment for the plaintiff is granted.

An appropriate order will enter.

and Welfare, 297 F.Supp. 743. In The United States District Court for the Northern District of Illinois, Eastern Division, 1968.