Marguerite RUSNAK, Plaintiff,

v.

Casper WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 4689.

United States District Court, D. Delaware.

March 6, 1974.

Richard A. Paul and Paul M. Lukoff of Paul & Lukoff, Wilmington, Del., for plaintiff.

Ralph F. Keil, U. S. Atty., and John H. McDonald, Asst. U. S. Atty., Wilmington, Del., Stephanie W. Naidoff, Regional Atty., and Larry H. Bailine, Asst. Regional Atty., Region III, Dept. of Health, Education, and Welfare, Philadelphia, Pa., of counsel, for defendant.

LATCHUM, Chief Judge.

This is an action under Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare denying total disability insurance benefits claimed under Section 223 of the Act, 42 U.S.C. § 423.

The plaintiff filed an application for disability insurance benefits on January 25, 1972 alleging she had been unable to work since May 15, 1970, due to a fractured wrist, at age 49. On April 18, 1972, the plaintiff was notified by the Bureau of Disability Insurance, Social Security Administration, that her application was denied. After her motion for reconsideration was denied on June 14, 1972, she filed a request for a hearing on August 8. Following a hearing on October 26, the Administrative Law Judge held on March 19, 1973 that the plaintiff was not entitled to disability insurance benefits. On May 18, 1973 the plaintiff filed a request for review with the Appeals Council of the Social Security Administration, and the Appeals Council affirmed the Administrative Law Judge's decision on June 15, 1973. Thereafter the plaintiff filed the instant action in this court within the required statutory period.

To qualify for disability insurance benefits under Section 223, the plaintiff must meet the insured status of that Section, be under age 65, have filed an application for disability insurance and be under a disability as defined in the Act. Of these criteria, only the last is in controversy. Section 216(i)(1)(A) of the Act, 42 U.S.C. § 416(i)(1)(A) defines disability as the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The Court must determine whether the Secretary's final decision that the plaintiff is not disabled within the meaning of the Act is supported by substantial evidence.

The plaintiff, who is now 53 years old, has been employed as a waitress-bartender throughout most of her adult life. The duties of this occupation require a certain degree of strength, dexterity and balance. Sometime in May of 1970 the plaintiff fractured her right wrist, but failed to have it treated until July or August of 1970 when she visited the Beebe Hospital in Lewes, Delaware, because of the discomfort she was experi-

encing. There the arm was splinted and the splint was kept on for about six weeks. Still experiencing pain at that time, the plaintiff consulted other doctors and a metal splint was applied. This splint remained on until December of 1970, when the wrist was operated upon. The plaintiff maintains that despite the medical treatment received she continues to have pain in her right arm running from the thumb to the shoulder. The plaintiff also claims to have a kidney condition which causes occasional pain and requires regular treatment, and a recurring tumor condition which so far has required 31 operations with accompanying hospitalization.

Among the material considered by the Administrative Law Judge was the report of an examination conducted by Doctor S. W. Casscells on March 27, 1972 on behalf of the Disability Determination Service. Doctor Casscells reported that the wrist appeared normal and had no stiffness or loss of function. He concluded that the plaintiff's pain symptoms are largely psychosomatic.

Critical to the Administrative Law Judge's decision was the testimony given at the hearing by a vocational expert Irving A. Leshner ("Leshner"). Two hypotheticals were posed to Leshner concerning the possibility of gainful employment for the plaintiff. In the first hypothetical taking into consideration the plaintiff's age, education and occupational experience, Leshner was asked to assume that there was a recurring pain in her right arm requiring medication and that the right arm was functionally disabled. He was also asked to assume the kidney and tumor conditions. Leshner in answer stated that he saw no gainful employment over a reasonable period of time. In the second hypothetical, Leshner was asked to assume the pain from movement of the right wrist, but to assume normal function of the arm and wrist. This hypothetical did not include the kidney and tumor conditions. In answer Leshner stated that he thought the claimant could perform certain light and sedentary jobs, such as keeping records, checking, filing and writing.

The Administrative Law Judge concluded that the plaintiff was not disabled within the meaning of the Act, because although she could not return to the heavy work of a waitress-bartender, she had the residual physical capacity and skills to perform other jobs in the Wilmington area as described by the vocational expert.

The plaintiff assigns two errors to the Administrative Law Judge's decision, affirmed by the Appeals Council. First, she argues that the Law Judge was wrong in failing to consider whether pain alone, notwithstanding a lack of functional loss, could qualify as a disability under the Act, and second, she argues that the Judge's conclusions regarding alternative gainful employment fail to meet the requirement that gainful employment available to the specific claimant be established.

█ With regard to the plaintiff's first point, Section 223(d)(3) defines the term "physical or mental impairment", used in the definition of disability as:

> "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

This language suggests that a finding of disability within the meaning of the Act must be supported by clinical data. However, several courts, including the Third Circuit Court of Appeals, have held that symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits provided the claimant satisfies the requisite burden of proof. See, e. g. Bittel v. Richardson, 441 F.2d 1193 (C.A.3, 1971); Ber v. Celebrezze, 332 F.2d 293 (C.A.2, 1964). The Court is unable to determine from the Administrative Law Judge's decision whether he took into consideration that intense pain alone could be a proper basis for a finding of disability. It may

very well be that he concluded that the plaintiff's complaints of pain were not genuine;[1] on the other hand, he may have concluded that her complaints of pain while genuine were not so intense that it alone could serve as a basis for disability.[2] Whatever conclusions he may have reached on this issue are not articulated however, and therefore this issue must be remanded for a determination of the extent and genuineness of the plaintiff's pain, and for a determination whether or not the plaintiff's complaints of pain, unaccompanied by objective medical data, sustain her burden of proving she is unable to engage in gainful employment.

■ The second ground for error urged by the plaintiff is that the Administrative Law Judge's finding that the plaintiff was capable of performing other jobs identified by the vocational expert does not meet the legal requirement that gainful employment available to the specific claimant be established, citing Goodwin v. Gardner, 250 F.Supp. 454 (N.D.Cal.1966). The Court considers this argument without merit. The hypothetical upon which Leshner based his answer did contain the plaintiff's age, education and occupational experience, and Leshner's answer stated specific jobs that the plaintiff could perform that were available. Moreover, since the *Goodwin* decision, Congress has amended Section 223 so that proof of whether a claimant would actually find employment in a particular job or type of job is irrelevant. Gentile v. Finch, 423 F.2d 244 (C.A.3, 1970). Consequently, this finding that gainful employment is available to the plaintiff is supported by substantial evidence.

### ORDER

In light of the foregoing opinion, it is hereby Ordered that this case be remanded for additional findings on the credibility and truthfulness of plaintiff's subjective complaints of pain and its general degree of intensity, for a determination whether or not the pain, albeit unaccompanied by loss of function, is so intense as to disable her from performing gainful employment, and for such other matters as may seem relevant.

---

1. However, this is unlikely since he stated at Page 3 of his opinion that the plaintiff "gave the impression of being honest and straightforward and did not seem to embellish the conditions or overstate her symptoms."

2. The Administrative Law Judge in reaching his conclusion disregarded the claims of kidney and tumor problems because the plaintiff failed to provide medical reports confirming them, and also because the plaintiff asserted that it was the arm pain alone that disabled her from gainful employment.