**Cyril M. LIEN, Appellant,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Appellee.**

**No. 24194.**

United States Court of Appeals, Ninth Circuit.

Oct. 28, 1970.

Carmichael, Johnson & Stephens, Phoenix, Ariz., for appellant.

Richard K. Burke, U. S. Atty., Richard G. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

Cyril M. Lien petitioned the district court to review a decision of Wilbur J. Cohen, Secretary of Health, Education and Welfare, denying Lien's claim for disability insurance benefits under section 223 of the Social Security Act, 42 U.S.C. § 423. The district court granted summary judgment in favor of the Secretary. This appeal followed.

Lien filed his claim for disability benefits on July 8, 1965. He alleged that he had become unable to pursue gainful employment due to a combination of physical and mental disabilities. The record shows that, since November, 1963, when Lien had first sought treatment for recurrent low back pain, he had undergone numerous medical examinations and diagnoses.

After evaluating the evidence presented, both of a physiological and psychiatric nature, the hearing examiner concluded that Lien's impairments were not of such severity as to prevent him from engaging in gainful activity. The agency's Appeals Council concurred and entered a final decision denying the disability claim.

Lien argues that this decision is not supported by substantial evidence when the agency record is considered as a whole, and that the district court therefore erred in entering judgment against him. In support of this view, he asserts: (1) the record fails to reveal that either the hearing examiner or the Appeals Council considered the *combined* effects of his mental and physical disabilities in reaching its decision as required by law; and (2) the Secretary failed to establish that other substantially gainful employment was available to Lien.

 This first contention is refuted by the record. In its opinion, the Appeals Council stated:

> "The claimant's impairments, therefore, *whether considered individually or in combination,* have been shown by the evidence of record not to be of a level precluding many types of physical and mental activity. * * * [I]n determining whether the claimant's impairments constitute 'disability,' consideration is given not only to the severity of the impairments, but such other factors as age, education, and work experience. * * * The Appeals Council agrees with the hearing examiner's observation that the claimant is physically, mentally, and vocationally suited for this work." (Emphasis supplied.)

Lien's second contention is also without merit. The cases he cites were handed down prior to the 1967 amendments to the Social Security Act. These amendments are applicable to the case at bar. Dean v. Gardner, 393 F.2d 327 (9th Cir. 1968). Under the 1967 amendments, an individual is to be determined subject to a disability

> " * * * only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists

in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d) (2) (A) (Supp. V, 1970).

There is sufficient evidence in the record to indicate that claimant can engage in substantial gainful work. While unable to perform arduous tasks, there is testimony such as to indicate employability in many positions not involving strenuous activity.

Affirmed.