Pablo Burgos OTERO, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.

Civ. No. 890–72.

United States District Court,
D. Puerto Rico.

June 18, 1973.

Juan Santiago Ramirez, Bayamon, P.
R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San
Juan, P. R., for defendant.

ORDER

TOLEDO, Chief Judge.

This is an action brought by plaintiff
pursuant to Section 405(g) of Title 42,
United States Code, to review a final de-
termination of the Secretary of Health,
Education and Welfare (hereinafter the
Secretary), which terminated his period
of disability and disability insurance
benefits, awarded by the Secretary, as
of April 18, 1970. It was the Secre-
tary's final determination that on the
basis of the medical evidence, plaintiff
ceased to be disabled on September 1970.
The only issue to be determined by this
Court is whether the Secretary's deci-
sion that plaintiff's disability ceased as
of September 1970, is supported by sub-
stantial evidence.

**362**

We have constantly said that it is settled law that the burden of proof rests upon the plaintiff to establish that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment as contemplated by the Social Security Act; although this burden need not be established beyond a reasonable doubt. See e. g. Magdalena Salas v. Secretary of Health, Education and Welfare (D.C.P.R.1972), (Memorandum Opinion and Order of December 18, 1972, in Civil No. 607–70). See also Robles v. Finch (1 Cir. 1969), 409 F.2d 84. It is also well settled that the findings of the Secretary, if supported by substantial evidence, shall be conclusive, and, accordingly, should not be disturbed by the Court. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Likewise, we have held that the conclusive effects of the substantial evidence rule applies not only with respect to the basic evidentiary, but also to inferences and conclusions drawn therefrom. Santiago Berrios v. Secretary of Health, Education and Welfare (D.C.P.R.1972), (Memorandum and Order of December 12, 1972, in Civil No. 196–70). See also Levine v. Gardner (2 Cir. 1969), 360 F.2d 727.

The above mentioned rule applies also where, as in this case, the Secretary has determined that a person's disability has ceased. Thus, once there is medical evidence in support of a decision that a person is no longer disabled, the burden of proving disability is on plaintiff. Halsey v. Richardson (6 Cir. 1971), 441 F.2d 1230; Watson v. Gardner (D.C.Ga.1965), 246 F.Supp. 837.

In the case under our consideration, after fully scrutinizing the whole record and carefully considering the medical, as well as the non-medical evidence, it contains, we are of the opinion that the Secretary's findings are supported by substantial evidence, thus, deserving affirmance. We are convinced that the Secretary in determining whether plaintiff's disability had ceased considered: (1) objective medical facts and clinical findings, both of the physical ailments and of the mental impairments; (2) diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified by the plaintiff and corroborated by his wife; and (4) plaintiff's age, education and work history. De Paepe v. Richardson (5 Cir. 1972), 464 F.2d 92. See also Toledo v. Secretary of Health, Education and Welfare (D.C.P.R.1970), 308 F.Supp. 192.

Although there is some conflict in the objective medical evidence, it is well established that it is the function of the Secretary and not of this Court to resolve such conflict and pass on its credibility. Richardson v. Perales, supra. See also, Magdalena Salas v. Secretary of Health, Education and Welfare, supra.

As to plaintiff's complaint that the pain he suffers prevents him from working, it suffices to say that although pain is recognized as a disabling factor, such allegation cannot stand alone in the absence of objective evidence. Petersen v. Gardner (2 Cir. 1968), 391 F.2d 208.

Likewise, in relation to plaintiff's stress upon the fact that the workmen's compensation benefits he received since the onset of the injury that led to the original determination of the Secretary as to his disability have been increased periodically, is misplaced. In this respect, it suffices to say that the eligibility requirements under the workmen's compensation law and the Social Security law are not the same. The qualification for disability benefits under the Social Security Act is a determination to be made by the Secretary and a determination of disability made by any other disability program is not controlling on the Secretary. See Raul H. Santiago Berrios v. Secretary of Health, Education and Welfare, supra.

In concluding, we deem proper to state that this Court will not alter a determination by the Secretary if, as in this case, its findings are supported by substantial evidence from the record as a whole.

Wherefore, it is ordered, adjudged and decreed, that the complaint filed by plaintiff be and the same is hereby dismissed on the aforementioned grounds.