**Clifton A. BISHOP**

v.

**Caspar WEINBERGER, Sec'y. HEW.**

**Civ. A. No. 73–398–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 1, 1974.

William V. Rennie, Petersburg, Va., for plaintiff.

Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Clifton A. Bishop brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). He seeks a review of a final decision by the Secretary of Health, Education and Welfare denying him disability benefits under 42 U.S.C. §§ 216(i), 223, upon an application filed with the Secretary on May 25, 1972. The parties have presented cross motions for summary judgment, and the matter is ripe for disposition.

The record discloses the following:

Since prior to March 1972 plaintiff Bishop has been suffering from a spinal ailment for which corrective surgery was performed in both March and July of 1972. The record reflects, and it is apparently undisputed, that this condition has rendered Bishop incapable of engaging in his principal occupation of 18 years standing—"repairing cigarette making machines." It is apparently undisputed, as well, that Bishop's ailment has rendered him incapable of performing any work that would require heavy lifting; constant stooping or bending;

or prolonged standing, walking or automobile driving.

On the other hand, there was substantial medical testimony that in spite of his ailment the petitioner retains the motor skills (i. e. raw physical capability) to perform work activity of a light or sedentary nature. There was, in addition, substantial testimony by a vocational expert to the effect that several jobs exist in significant numbers in the economy that would be of a light or sedentary nature, and that would not require past experience or extensive training. The expert specified examples.

On the basis of the expert medical and vocational testimony, the administrative judge made the following finding:

> The petitioner is physically capable of performing substantial gainful activity in those jobs enumerated by the vocational expert which exist in significant numbers in the economy.

In his administrative hearing, the petitioner did not vigorously contest the fact that he possessed the raw physical ability to engage in such work. Rather, his main factual contention was that the intermittent pain which accompanies his ailment prevents him from utilizing that ability. More specifically, the petitioner testified to the effect that his pain is so extreme as to require relief, even at the cost of his participating in gainful employment; and that the only effective relief he has found is to lie down in a prone position until the pain subsides.

In this ·regard the administrative judge found:

> The preponderance of evidence fails to establish a medical basis for the degree of pain alleged by the [petitioner].

■ Turning to discussion, the Court notes from the outset that its function here on review is not to try the matter *de novo*; nor to resolve conflicts in the evidence. Rather, its function is limited to determining first whether there is substantial evidence in the record to support the findings of the administrative judge who originally decided the matter; and second whether the administrative judge committed errors of law with respect to the conclusions reached. 42 U.S.C. § 405(g). Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Bryant v. Celebrezze, 229 F.Supp. 329 (E.D.S.C. 1964).

Consistent with those limitations, the petitioner asserts here on review, that the administrative judge erred in failing to consider the possibility of a psychological basis for the pain alleged.

■ There can be no doubt that pain, in and of itself, can be a disabling factor for social security benefit purposes. See Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967); Mode v. Celebrezze, 359 F.2d 135 (4th Cir. 1966); Mark v. Celebrezze, 348 F.2d 289 (9th Cir. 1965); Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963). This is so whether the pain be physiologically or psychologically motivated. *Id.* Of course, in order to constitute a qualifying disability, the pain must be incapable of remedy and of such intensity as to render it unreasonable to expect the claimant to work. See Emmette v. Richardson, 337 F.Supp. 362 (W.D.Va.1971). Finally, the burden is on the plaintiff to prove that his pain is disabling. See Mark v. Celebrezze, *supra*, at 293; Caplin v. Finch, 316 F. Supp. 17 (W.D.Pa.1970).

The precise question for review, therefore, becomes whether there was evidence introduced at the hearing which should have led the administrative judge to consider the possibility of a psychological basis for the pain alleged, even in the absence of a physiological basis; and whether the administrative judge did, in fact, fail to consider that possibility.

There is, as petitioner suggests, authority for the proposition that where a claimant has testified to pain out of proportion with the clinical findings as to a physiological basis therefor, the administrative judge should necessarily consider the possibility of a psychological basis for that pain. See, *e. g.*, Goodwin v. Gardner, 250 F.Supp. 454 (N.D.

Cal.1966); Taylor v. Gardner, 297 F. Supp. 743 (E.D.Ill.1969); Marek v. Finch, 315 F.Supp. 1029 (N.D.Ill.1970). These cases suggest that the claimant's own testimony, unsupported by expert medical evidence, may be sufficient to sustain a finding of disability based on psychologically motivated pain; and that, in the absence of specific medical evidence, the question should turn on the credibility of the claimant as a witness.

In the instant case, a fair reading of the administrative judge's findings leads to the conclusion that the petitioner's claim of disabling pain was rejected solely because of a lack of medical testimony to support that claim. While there was clearly substantial medical testimony to suggest that the petitioner's alleged pain was not physiologically based, there was no testimony to rebut the possibility of a psychological basis therefor. There is no indication in the findings that the administrative judge even inquired into the petitioner's credibility with regard to the question of whether his pain might be psychologically motivated.

Nevertheless, the Court views the evidentiary principal, apparently first enunciated in Goodwin v. Gardner, *supra*, and later followed in the other referenced cases, to have been legislatively overturned by the 1967 Amendments to the Social Security Act.

In order to establish a qualifying disability, the law provides that a claimant must establish "an inability to engage in any substantial gainful activity by reason of any *medically determinable physical or mental impairment.*" 42 U.S.C. §§ 416(i), 423(d)(1)(A) (emphasis added). The Social Security Amendments of 1967, P.L. No. 90–248, 42 U.S. C. § 423(d)(3), in turn, define a "medically determinable physical or mental impairment" as:

[A]n impairment that results from anatomical, physiological, or psychological abnormalities *which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.* (emphasis added).

■ The Senate Report on the 1967 Amendments makes clear that the above quoted provision was intended to require the introduction of medical evidence, corroborating the claimant's subjective statements and other lay testimony, in order to establish the alleged disability.[1] See U.S.Code Cong. and Admin.News, Vol. 2, 90th Cong., 1st Session, 1967, pp. 2882–2883. *Cf.* Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968) with Whitt v. Gardner, 389 F.2d 906 (6th Cir. 1968). Indeed the Senate Report expressed grave concern as to the trend, in prior court decisions, toward the application of loose evidentiary standards for establishing a qualifying disability, *Id.* at pp. 2881–2882. The above quoted provision in the Court's view, was apparently intended to reverse that trend.

It is obvious that the decisions in some cases have sought to perpetuate the evidentiary principle enunciated in Goodwin v. Gardner, *supra*, even since the enactment of the 1967 Amendments to the Social Security Act. See *e. g.,* Taylor v. Gardner, *supra;* Marek v. Finch, *supra.* However, none of those cases, of which the Court is aware, made reference to the 1967 addition of the provision in 42 U.S.C. § 423(d)(3) to the Act, much less fully analyzed the effect of that provision on the principle expressed in Goodwin v. Gardner, *supra.* Accordingly, the Court does not view those more recent decisions as authoritative and respectfully declines to follow them.

■ In the instant case, there was not introduced at petitioner's adminis-

---

1. The level of objectivity sought does not, however, require that the medical evidence presented be derived from mechanical, chemical or electrical testing; or that it stand undisputed by other medical experts. See Whitt v. Gardner, 389 F.2d 906 (6th Cir. 1968); Branham v. Gardner, 383 F.2d 614 (6th Cir. 1967); Bittel v. Richardson, 441 F.2d 1193 (3d Cir. 1971). In short, expert opinion based on an examining physician's subjective evaluation of his patient's complaints would be sufficient to corroborate the patient-claimant's own statements as to pain.

trative hearing any medical evidence tending to support his present contention of a psychological basis for the pain alleged. Indeed, there was not even lay testimony which focused directly on that fact theory. Rather, it was specifically articulated for the first time here on review. The Court therefore concludes that, in the absence of medical evidence to that effect, it was not error that the administrative judge failed to consider the possibility of a psychological abnormality giving rise to petitioner's alleged pain. While not directly on point, the result in Harris v. Weinberger, No. 73–2499, decided by the Court of Appeals for this Circuit on May 7, 1974, supports this conclusion. In that case, it was also the absence of "objective medical facts showing that [the petitioner] was disabled" that validified the hearing examiner's contrary findings. Harris v. Weinberger *supra,* slip opinion, at p. 3.

■■ Nevertheless, the Court is of the opinion that a remand, pursuant to 42 U.S.C. § 405(g), would be the appropriate disposition for this case, in order to allow for the taking of new evidence regarding the possibility of a psychological basis for the pain alleged.

The petitioner has demonstrated that he now has available medical evidence of a "psychological overlay" giving rise to his pain, in the degree alleged. It may be that this proffer of new evidence would not, in and of itself, be sufficient grounds to vacate a court judgment, pursuant to Rule 60(b), F.R.Civ.P. However, the same is not required to establish "good cause" for a remand under 42 U.S.C. § 405(g). Epperley v. Richardson, 349 F.Supp. 56, 61 (W.D.Va. 1972). Rather, it is sufficient that "no party would be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute." Epperley v. Richardson, *supra,* at 61.

In this case, it would appear that the newly proffered evidence bears directly and substantially on the petitioner's claim of disabling pain. On the other hand, it does not appear that the Secretary would be prejudiced by the introduction of such new evidence. The Government remains fully capable of ordering an independent examination by a qualified expert at this time, and of making whatever additional inquiry into the alleged psychological abnormality it might have made at the time of the earlier hearing.

Noteworthy also is the fact that the Government, in brief, has assured the Court that the petitioner will continue to meet the special insured status requirements of the Social Security Act through March 31, 1976; and that he remains eligible, until that date, to reapply for benefits, alleging as new grounds therefor the psychological abnormality purportedly giving rise to his claimed disabling pain. It would appear, however, that the only thing to be achieved by forcing the petitioner to begin the application process anew would be to further delay the grant of benefits to which the petitioner may well be entitled even now. Justice has not been speedy with this petitioner, as it has already been over two years since he first applied for benefits under the Act. It was over a year before the hearing examiner reviewed and denied his first application. That delay should not now be repeated.

■ Finally, the Court would point out that not the least of its concerns is the fact, reflected in the record, that the petitioner was not represented by counsel at his administrative hearing. The Court recognizes that the representation of counsel at such a hearing is not necessarily an absolute constitutional requirement, see Goodman v. Richardson, 448 F.2d 388 (5th Cir. 1971). Nevertheless, in the absence of same, it can be assumed that an applicant's failure to present critical evidence, that could have been made available to him at the time of hearing, but which he did not seek to elicit or present, would be partly, if not wholly, the results of his own inexperience with legal proceedings, and his lack of knowledge with regard to evidentiary standards, Bohms v. Gardner, 381 F.2d 283, 286 (8th Cir. 1967) ; Arms v. Gard-

ner, 353 F.2d 197 (6th Cir. 1965); Goforth v. Cohen, 290 F.Supp. 590 (D.S.C. 1968). It is also fair to assume, therefore, that because of this defect, the petitioner, in this case, was denied a "full and fair hearing" as required by due process.

Considering this latter aspect of the case, the Court deems it inappropriate to limit the evidence to be taken on remand only to that tending to establish a psychological abnormality giving rise to the pain alleged. Rather, opportunity should be made available for the taking of any non-cumulative evidence relevant to petitioner's claimed pain, whether psychological or physiological in nature. It should also be made clear that circumstantial evidence including the petitioner's history, or lack thereof, of malingering; and lay testimony by the petitioner and others, should also be admitted and considered as corroborating or detracting from the medical evidence submitted by either party.

Accordingly, the case will be remanded pursuant to 42 U.S.C. § 405(g) for the taking of new evidence relevant to the petitioner's claim of disabling pain.

An appropriate order shall issue.