**Howard A. FINNSTROM, Plaintiff,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 75–730 Phx. WPC.**

United States District Court, D. Arizona.

April 27, 1976.

Charles M. Thomas of Skousen, McLaws & Skousen, Mesa, Ariz., for plaintiff.

George B. Nielsen, Jr., Asst. U. S. Atty., Dept. of Justice, Phoenix, Ariz., for defendant.

MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff originally filed an application for benefits on November 18, 1971. A hearing officer denied his appeal on May 11,

1972. Plaintiff then failed to pursue any of the administrative appeals available to him. On October 13, 1972, plaintiff again filed an application alleging the same disabilities as were alleged in the earlier application. The doctrine of administrative *res judicata* applies to the instant action. *Easley v. Finch*, 431 F.2d 1351 (4th Cir. 1970); *See, Stuckey v. Weinberger*, 488 F.2d 904 (9th Cir. 1973); *Cf. Wallace v. Weinberger*, 488 F.2d 606 (9th Cir. 1973). Plaintiff's second application (under review herein) alleges the same disability which was alleged in the first application. Having failed to appeal the denial of his first application by the hearing examiner he is bound by its findings. The evidence put on at this second hearing did not claim a different disability or time of occurrence.

Even if *res judicata* did not apply there is substantial evidence in the record to support the findings of the secretary. *Chavies v. Finch*, 433 F.2d 356 (9th Cir. 1971). Plaintiff claims to be disabled due to high blood pressure and diabetes which result in leg and abdominal pains.

 The record reveals that the diabetes was not serious (Tr. 153). The record also reveals that the hypertension was related to plaintiff's place of work and its stressful surroundings (Tr. 153). His problems are also related to the plaintiff's obesity and he has been told to take off weight (Tr. 147). The record also reveals a failure by plaintiff to prove that he is unable to perform *any* substantial activity. Although he may not be able to perform his job in "stressful" situations (Tr. 242), there is no demonstration that he cannot perform non-stressful jobs within his present training.

The final question is whether the case should be remanded to the Secretary on the basis of "new evidence" in the form of an affidavit by M. W. Kamper, M.D. (on file herein). The affidavit adds nothing to the bulk of the testimony offered at plaintiff's hearing. It would not result in the addition of evidence to the record that would result in a reasonable chance that the hearing officer would reach a different conclusion.

While this Court may have reached a different conclusion, it cannot say as a matter of law that there was not substantial evidence in the record to support the findings of the Secretary.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion for summary judgment is granted.

3. The action is dismissed with prejudice and the Clerk will enter judgment accordingly.