**Frankie L. PARKER, Plaintiff,**

**v.**

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. C–76–2896.**

United States District Court, N. D. California.

Nov. 7, 1977.

Sandra J. Horwich, Kaplan & Horwich, Richmond, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Eric J. Swenson, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act as amended, to obtain judicial review of a final decision of the Secretary of the Department of Health, Education and Welfare ("HEW") to deny his application for disability insurance benefits. Both parties have filed motions for summary judgment. Having carefully considered the arguments of counsel, the Court concludes that although the Secretary's decision was supported by substantial evidence, the case must be remanded to the hearing examiner for the consideration of new evidence and to make additional findings.

## I. *FACTUAL BACKGROUND*

Plaintiff is a forty-year-old black man born in Mississippi. He completed ten or eleven years of high school without receiving a diploma. As the result of a childhood accident, his right arm is virtually useless. Between 1960 and 1963, plaintiff went

through "a period of emotional disturbance," as the hearing examiner described it in his findings. He was diagnosed as paranoid and schizoid if not schizophrenic and was committed for ten weeks to Napa State Hospital, from which he was discharged after responding apparently successfully to electroshock and drug therapy. Since 1963, plaintiff has not undergone any psychiatric treatment. He consulted physicians concerning pain in his lower back, neck, and head, although he did not produce medical records concerning some of those consultations at the hearing.

Plaintiff was fairly regularly employed between 1952 and 1971 or 1972.

Plaintiff filed an application for disability insurance benefits on September 6, 1963, shortly after his formal discharge from Napa State Hospital. His application was denied on October 21, 1963, because neither his physical nor his psychological problems were found to prevent him from pursuing substantial gainful employment. Plaintiff did not seek review of this decision in federal district court.

Plaintiff again filed an application for disability insurance benefits on August 7, 1973, and this application is at issue in this case. Plaintiff listed three allegedly disabling conditions, "[c]urvature of spine, paralyzed right arm, severe headaches just above ear on left side." Plaintiff alleged that his disability has prevented him from working since early 1971.

Plaintiff's claim was denied by the Division of Initial Claims on November 7, 1973. A request for reconsideration filed on De-

cember 3, 1973, was denied on March 27, 1974. Plaintiff then requested a hearing before an administrative law judge, which was held on October 10, 1974. Plaintiff appeared at the hearing represented by an attorney.[1] Both plaintiff and an independent vocational expert testified. The hearing examiner also accepted a voluminous set of medical exhibits, including the evaluations of several doctors who examined plaintiff in both the early 1960s and the early 1970s. After the hearing, plaintiff was permitted to supplement the record with additional evidence relating to his psychological problems in the early 1960s. On January 20, 1975, the administrative law judge rendered his decision denying plaintiff's application. He concluded that despite his medical problems, plaintiff retained a residual capacity to perform certain types of light labor and that plaintiff therefore did not have a disability within the meaning of 42 U.S.C. § 423(d)(1)(A), § 223(d)(1)(A) of the Social Security Act as amended.[2]

On March 19, 1976, plaintiff requested a review of the decision of the hearing examiner. That decision became final when the Appeals Council denied that request on September 30, 1975. On December 28, 1976, after several extensions of time to file suit in federal district court granted by the Appeals Council, plaintiff filed this lawsuit challenging the decision of the administrative law judge.

## II. STANDARDS OF REVIEW

Although the distinction has not always been clearly recognized, courts engage in

---

1. In this suit, plaintiff is represented by different counsel.

2. Section 423(d)(1)(A) defines the term "disability" to mean "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death of which has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

Section 223(d)(2)(A), 42 U.S.C. § 423(d)(2)(A), provides that an individual suffers a disability within the meaning of the statute "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

two levels of review of disability benefit decisions of HEW. The first can be called substantiality-of-the-evidence review, and the second remand review.

District courts review the findings of hearing examiners to determine whether they are supported by substantial evidence. Section 405(g) of Title 42 of the United States Code, § 205(g) of the Social Security Act as amended, reads in part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * * may obtain a review of such decision by a civil action * * *. The [federal district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

■■■ This review limits the Court to the single question of whether or not the findings of the Secretary of HEW are supported by substantial record evidence. *Chavies v. Finch,* 443 F.2d 356, 357 (9 Cir. 1971); *Dean v. Gardner,* 393 F.2d 327, 328 (9 Cir. 1968). This statutory restriction upon the scope of judicial review is applicable to the findings of fact if supported by substantial evidence and extends as well to inferences drawn therefrom if they have a substantial basis in the record. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9 Cir. 1965); *McMullen v. Celebrezze,* 335 F.2d 811, 814 (9 Cir. 1964), *cert. denied,* 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92 (1965). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■■■ A claimant bears the burden of establishing both his initial and his continuing entitlement to disability insurance benefits. *Rhinehart v. Finch,* 438 F.2d 920, 921

(9 Cir. 1971); *Seitz v. Secretary of Social Security Administration, etc.,* 317 F.2d 743, 744 (9 Cir. 1963). In order to satisfy this burden, the claimant must preliminarily establish that he is and remains unable to return to his customary employment. If he does so, the burden of producing evidence shifts to the Secretary to prove that the claimant is capable of performing other forms of substantial gainful activity which exist in the national economy, unless evidence already in the record establishes this capability. If the Government meets this burden, the claimant then bears the overall burden of demonstrating that his disability precludes substantial gainful employment. *Meneses v. Secretary of Health, Education and Welfare,* 143 U.S.App.D.C. 81, 84, 442 F.2d 803, 806 (1971). *See Kerr v. Richardson,* 387 F.Supp. 361, 363 (E.D.Cal.1974).

While most cases just involve the first level or substantiality of evidence review, § 405(g) also authorizes federal courts to engage in a second level of review with much looser standards upon a sufficient showing. Under this level or remand review, "[t]he court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary * * *." 42 U.S.C. § 405(g). Although the claimant still retains "the ultimate burden of persuasion," "it does not follow that the court is bound to sustain a denial of disability benefits where the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer." *Kerner v. Flemming,* 283 F.2d 916, 922 (2 Cir. 1960); *Selig v. Richardson,* 379 F.Supp. 594, 601 (E.D.N.Y.1974); *Cooney v. Finch,* 300 F.Supp. 818, 821–822 (W.D.Pa.1969). "While it is true that the claimant has the burden of proof on the issue, the administrative judge is in the peculiar position of adjudicator while also being charged with developing the facts." *Smith v. Weinberger,* 394 F.Supp. 1002, 1008 (D.Md.1975); *Heisner v. Sec'y of HEW,* 538 F.2d 1329, 1331 (8 Cir. 1976); *Miranda v. Sec'y of HEW,* 514 F.2d 996, 998 (1 Cir. 1975); *Hess v. Sec'y of HEW,* 497 F.2d 837, 840 (3 Cir. 1974); *Easley v. Finch,*

431 F.2d 1351, 1353 (4 Cir. 1970). HEW regulations specifically require the hearing examiner to "inquire fully into the matters at issue and [to] receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters." 20 C.F.R. § 404.927.

■ The Court can therefore order a remand even if a claimant failed to produce substantial evidence of disability at the administrative hearing. Factors relevant to "good cause" for remand include (1) the weight of the affirmative evidence that the claimant is *not* disabled, *Kerner v. Flemming, supra,* 283 F.2d at 922; *Cooney v. Finch, supra,* 300 F.Supp. at 821–822; (2) the weight of lay evidence of medical impairments in the absence of adequate medical evidence, *id.,* at 821; (3) the existence of new evidence which " 'bears directly and substantially on the matter in dispute,' " *Kemp v. Weinberger,* 522 F.2d 967, 969 (9 Cir. 1975); (4) the ready obtainability of existing or potential new evidence, *Heisner v. Sec'y of HEW, supra,* 538 F.2d at 1332; *Hess v. Sec'y of HEW, supra,* 497 F.2d at 840–841; (5) the claimant's ability to participate intelligently and effectively in the hearing, *Gold v. Sec'y of HEW,* 463 F.2d 38, 43 (2 Cir. 1972); *Webb v. Finch,* 431 F.2d 1179, 1180 (6 Cir. 1970); *Alamo v. Richardson,* 355 F.Supp. 314, 316–317 (D.P.R.1972); (6) representation of the claimant by counsel, *Heisner v. Sec'y of HEW, supra,* 538 F.2d at 1331; *Stewart v. Cohen,* 309 F.Supp. 949, 956 (E.D.N.Y.1970); (7) the effectiveness of the assistance of counsel, *Tillman v. Weinberger,* 398 F.Supp. 1124, 1129–1130 (N.D.Ind.1975); (8) the development of the evidence by the hearing examiner, *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8 Cir. 1974); *Tillman v. Weinberger supra,* 398 F.Supp. at 1128; *Cooney v. Finch, supra,* 300 F.Supp. at 821; (9) the specificity of the findings of the hearing examiner concerning relevant issues, *Miranda v. Sec'y of HEW, supra,* 514 F.2d at 999; and (10) the prejudice to HEW if the case were remanded, *Kemp v. Weinberger, supra,* 522 F.2d at 969.

■ In weighing these factors, the courts must give appropriate weight to the expertise and experience of the hearing examiner. Remand review does not authorize or permit the courts to substitute their judgment for that of the hearing examiner. Nevertheless, by adopting the "good cause" standard for remand to take additional evidence, Congress instructed the courts to exercise broad discretion in their review of administrative denials of benefits, *Kerner v. Flemming, supra,* 283 F.2d at 922 & n. 9, and the courts must follow that mandate.

### III. *THE SUBSTANTIALITY OF THE EVIDENCE*

Plaintiff does not challenge the hearing examiner's finding that neither his flail right arm nor his lower back problems were disabling within the meaning of § 423(d). He claims that the hearing examiner's finding that "[t]he claimant does not suffer from a significant emotional impairment" is not supported by substantial evidence. The Court does not agree.

The only medical evidence of psychiatric problems in the record date from the early 1960s when plaintiff was diagnosed as paranoid and schizoid if not schizophrenic and was committed to Napa State Hospital. The unanimous conclusion of the physicians who treated plaintiff at that time was that his condition improved sufficiently as a result of their treatment that plaintiff could function adequately in society. In fact, plaintiff held regular employment for almost a decade after the early 1960s—a fact which would rebut any medical finding that plaintiff's psychological impairment was too severe to permit him to pursue substantial gainful employment. *See* 20 C.F.R. § 404.-1502(a). The record contains no medical evidence that plaintiff's psychological problems worsened about or after 1971 when plaintiff was last employed and when he claimed his current disability began.

■ In addition, plaintiff's application for disability benefits was denied after this period of fairly intense psychiatric problems in the early 1960s despite this evidence of those problems. That decision is adminis-

trative res judicata that plaintiff was not suffering from a disability within the meaning of § 423(d) in 1963 when his application was denied. *Stuckey v. Weinberger,* 488 F.2d 904, 911 (9 Cir. 1973) (*en banc*); *Finnstrom v. Mathews,* 412 F.Supp. 415, 416 (D.Ariz.1976); *cf. Califano v. Sanders,* 430 U.S. 99, 107–108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

■ The medical evidence of psychological problems, compiled before a sustained period of employment and before plaintiff's 1963 application for disability benefits was denied, is not sufficient to compel a determination that plaintiff was psychologically disabled. The administrative law judge considered this evidence in his decision and found it insufficient to carry plaintiff's burden of proof to establish the disability. The hearing examiner had a substantial basis for this finding that plaintiff "does not suffer from a significant emotional impairment" that would prevent him from engaging in any substantial gainful employment.

## IV. *THE APPROPRIATENESS OF REMAND*

■ A remand is necessary here, however, because of new medical evidence to determine whether plaintiff suffers from a medically demonstrable psychological impairment which, by itself, or together with his physical impairment, *Gold v. Sec'y of HEW, supra,* 463 F.2d at 42 (combined effect of medical problems critical); *Hicks v. Gardner,* 393 F.2d 299, 302 (4 Cir. 1968) (same); *see Lien v. Cohen,* 432 F.2d 1222, 1223 (9 Cir. 1970) (per curiam), prevents plaintiff from pursuing any substantial gainful employment.

Plaintiff wants to introduce new medical evidence of a disabling psychological impairment, an evaluation of plaintiff by a licensed clinical psychologist, Dr. Paul Berg.

Although Dr. Berg found that plaintiff was not psychotic, he did find clinical "signs of confusion, mild disorientation, depression, and slowness in responding." Dr. Berg concluded that plaintiff hallucinated and had an "extremely poor" capacity for stress. Dr. Berg also commented on plaintiff's heavy drinking habits. Finally, according to intelligence tests administered by Dr. Berg, plaintiff has a Full Scale IQ of 63 with Verbal IQ of 67 and Performance IQ of 62, scores which differ significantly from plaintiff's scores of 77 in intellectual ability and 83 in performance acuity in an IQ test administered in 1960.

The medical evidence presented in Dr. Berg's report raises a substantial question as to whether plaintiff has a mental deficiency in the meaning of § 12.05(C) of the Appendix to Subpart P of 20 C.F.R. § 404. The impairments listed in the Appendix "[a]re of a level of severity deemed sufficient to preclude an individual from engaging in any gainful activity; and * * * [a]re expected to result in death or to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1506(a). Under § 12.05(C) of the Appendix, an individual is disabled if he has an IQ of 50–69 inclusive and a "physical or other mental impairment resulting in restriction of function." Dr. Berg's report provides evidence that plaintiff's IQ fell within that range, and the limitations on plaintiff's activity caused by his flail right arm and the nondisabling lower-back pain linked with the scoliosis of plaintiff's thoracic spine[3] may constitute a "restriction of function" within the meaning of § 12.05(C).

Dr. Berg's report may also establish an impairment which is medically the equivalent of the functional nonpsychotic disorders listed in § 12.04 of the Appendix to Subpart P of 20 C.F.R. § 404.[4] Several of

---

**3.** The hearing examiner credited plaintiff's testimony that he experienced significant lower-back pain, but he concluded that those symptoms "are not disabling, even when considered in combination with his virtually useless upper right extremity."

**4.** Section 12.04 provides:

"*Functional nonpsychotic disorders (psychophysiologic, psychoneurotic and personality disorders, drug addiction and alcoholism).* Manifested by marked restriction of daily activities and constriction of interests and deterioration in personal habits and seriously impaired ability to relate to other people and persistence of one of the following:

the factors in § 12.04, including "deterioration of personal habits," "[r]ecurrent or persistent periods of anxiety," "[p]ersistent depressive affect," and "[p]hobic or obsessive ruminations with inappropriate  *  *  * behavior," are mentioned in Dr. Berg's report. In addition, the "presence of a condition diagnosed or defined as addiction to alcohol" may be a factor considered in support of a finding of disability. 20 C.F.R. § 404.1506(d).

Dr. Berg's report is new evidence that creates a "reasonable chance" that the hearing examiner would change his conclusions or order additional evidence, *see Finnstrom v. Mathews, supra,* 412 F.Supp. at 416, and the Secretary has not suggested any reason why he would be prejudiced by consideration of this new evidence.

The hearing examiner must therefore evaluate this new psychological evidence, decide whether any additional evaluation of plaintiff's condition is necessary, make a finding concerning the existence of a mental impairment, and determine whether it and plaintiff's other medical problems are cumulatively sufficiently severe to prevent plaintiff from engaging in any substantial gainful employment.[5]

A remand is also necessary so that the administrative judge can made a specific finding about the need for a medical examination to determine whether plaintiff's alleged incapacitating headaches result from a medically determinable psychological abnormality. One of the three disabilities listed by plaintiff in his application for disability benefits was severe headaches, and plaintiff testified at the hearing that he suffered from incapacitating headaches. The only other evidence in the record concerning headaches is that a lay claims representative of the Social Security Administration thought plaintiff was experiencing headaches during an interview, although plaintiff told her that he did not have a headache. There is no medical evidence in the record or in Dr. Berg's evaluation concerning the existence of cause of headaches, but the physical examinations described in the record were thorough enough to suggest that no medically determinable physical abnormality caused plaintiff's headaches. The administrative law judge did not mention plaintiff's headaches in his findings.

Under the circumstances, a remand for a finding on the need for medical evaluation of plaintiff's headaches is appropriate. *Cf. Cooney v. Finch,* 300 F.Supp. 818, 821 (W.D. Pa.1969). The Court cannot determine whether the administrative law judge should obtain psychiatric evidence concerning the headaches in the absence of a finding about the credibility of plaintiff's claims, and the Court does not know what standards HEW uses in deciding whether to order additional medical examinations. A

"A. Demonstrable structural changes mediated through psychophysiological channels (e. g., duodenal ulcer); or

"B. Recurrent and persistent periods of anxiety, with tension, apprehension, and interference with concentration and memory; or

"C. Persistent depressive affect with insomnia, loss of weight, and suicidal ideation; or

"D. Phobic or obsessive ruminations with inappropriate, bizarre, or disruptive behavior; or

"E. Compulsive, ritualistic behavior; or

"F. Persistent functional disturbance of vision, speech, hearing, or use of a limb with demonstrable structural or trophic changes; or

"G. Long-lasting, habitual, and inappropriate patterns of behavior manifested by one of the following:

"1. Seclusiveness and autistic thinking; or

"2. Antisocial or amoral behavior (including pathologic sexuality) manifested by: (a) inabili-

ty to learn from experience and inability to conform with accepted social standards, leading to repeated conflicts with society or authority and (b) by psychopathology documented by mental status examination and the results of appropriate, standardized psychological tests; or

"3. Pathologically inappropriate suspiciousness or hostility manifested by psychopathology documented by mental status examination and the results of appropriate, standardized psychological tests."

5. At the hearing, the vocational expert testified that plaintiff's physical impairments would not prevent him from engaging in any substantial gainful employment, but he did not consider whether and how mental impairments like those which plaintiff may have would change his conclusion.

hearing examiner is not always required to investigate possible medical causes of alleged pain where the claimant's allegations are unsupported by any medical evidence. *See Bishop v. Weinberger,* 380 F.Supp. 293, 297 (E.D.Va.1974). The Court orders a remand in this case because a remand which may involve the taking of additional psychiatric evidence is otherwise necessary, because the present record and new evidence contain medical evidence of psychological problems, albeit not directly linked with the headaches, because plaintiff allegedly visited two doctors for treatment of his headaches,[6] and because the present record contains no evidence that plaintiff's pain had no emotional component, unlike the record in *Gaultney v. Weinberger,* 505 F.2d 943, 946 (5 Cir. 1974).

Because of contrary suggestions in the reported cases and in plaintiff's brief, the Court emphasizes that the lack of medical evidence in the record of a medically determinable physical or mental cause of plaintiff's alleged headaches precludes a finding of disability on the present record.

On the remand, the hearing examiner cannot base a determination of disability only on a finding that plaintiff genuinely believes that he suffers from incapacitating headaches. Additional medical evidence must be adduced before the hearing examiner may make such a determination.

It is necessary to make this clear because some courts have held a claimant's medically unsupported testimony can sustain a determination of disability and that a case should be remanded only for a determination of the claimant's credibility if the claimant claims to experience disabling pain and if medical findings do not identify a physical or mental cause for pain of that intensity. *See, e. g., Gaultney v. Weinberger,* 505 F.2d 943, 945 (5 Cir. 1974); *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3 Cir. 1971); *Ber v. Celebrezze,* 332 F.2d 293, 299 (2 Cir. 1964); *Celebrezze v. Warren,* 339 F.2d 833, 838 (10 Cir. 1964); *Rusnak v.*

*Mathews,* 415 F.Supp. 822, 824 (D.Del.1976); *Goodwin v. Gardner,* 250 F.Supp. 454, 458 (N.D.Cal.1966). There is no question that headaches severe enough to prevent an individual from engaging in any substantial employment can by themselves constitute a physical or mental disability within the meaning of § 423(d). *See, e. g., Mark v. Celebrezze, supra,* 348 F.2d at 292. Nor is the question whether a claimant's subjective pain can by itself constitute a disability if the pain is caused by a medically demonstrable physical or mental impairment. *See Baerga v. Richardson,* 500 F.2d 309, 312 (3 Cir. 1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). The issue here is what kind of evidence of the intensity and cause of those headaches is required by § 423(d).

The term "disability" is defined by both § 216(i)(1)(A), 42 U.S.C. § 416(i)(1)(A), and § 223(d)(1)(A), 42 U.S.C. § 423(d)(1)(A), as "inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." (Emphasis added.)

Section 223(d)(3), 42 U.S.C. § 423(d)(3), defines a "physical or mental impairment" as

"an impairment that results from anatomical, physiological, or psychological abnormalities which are *demonstrable by medically acceptable* clinical and laboratory diagnostic techniques." (Emphasis added.)

The regulations promulgated by the Social Security Administration clearly state that "Statements of the applicant, including his own description of his impairment (symptoms) are, alone insufficient to establish the presence of a physical or mental impairment." 20 C.F.R. § 404.1501(c). Section 423(d)(5) provides that "[a]n individual shall not be·considered to be under a dis-

---

**6.** The hearing examiner asked plaintiff's initial lawyer at the hearing for copies of the medical records of those physicians and sent a follow-up letter. That lawyer never responded to the letter, and the records were never produced.

ability unless he furnishes such medical and other evidence of the existence [of a mental or physical impairment] as the Secretary may require." *See* § 405(a). This delegation of authority from Congress to the Secretary of HEW means that his administrative regulations are "entitled to more than mere deference or weight" and "can be set aside only if the Secretary exceeded his statutory authority or if the regulation is 'arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law.' 5 U.S.C. §§ 706(2)(A), (C)." *Batterton v. Francis,* 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977) (footnote omitted).

■■■ For the reasons persuasively stated in *Bishop v. Weinberger,* 380 F.Supp. 293, 296 (E.D.Va.1974), this Court concludes that under the 1967 Amendments to the Social Security Act, a claimant's own testimony unsupported with medical testimony is insufficient to sustain a finding of disability based on psychologically motivated pain. *Accord, Landess v. Weinberger, supra,* 490 F.2d at 1189; *Mark v. Celebrezze, supra,* 348 F.2d at 292 (pre-Amendments decision); *Page v. Celebrezze,* 311 F.2d 757, 762–763 (5 Cir. 1963); *Brown v. Sec'y of HEW,* 403 F.Supp. 938, 941–942 (E.D.Wis.1975); *Otero v. Sec'y of HEW,* 372 F.Supp. 361, 362 (D.P. R.1973); *see Waters v. Gardner,* 452 F.2d 855, 857 & n. 4 (9 Cir. 1971). Congress required medical evidence of a disabling impairment in order to establish eligibility for disability benefits, and the requirement of 20 C.F.R. § 404.1501(c) that a claimant offer medical evidence to substantiate his claims is consistent with, if not mandated by, § 423(d).

■■■ Any particular physical impairment can cause various levels of pain in normal people. If the severity of pain that the claimant claims to experience is medically unlikely but medically possible, the hearing examiner will have to pass on the claimant's credibility in order to determine whether the impairment (the pain) is disabling. If, however, the physical condition which is medically demonstrable could not medically cause the degree of pain alleged

by the claimant, the claimant, who bears the burden of proof, must adduce medical evidence of a medically demonstrable mental impairment which causes the pain to be disabling. In sum, the record must contain a medical explanation for the severity of pain that the claimant claims to experience: either the claimant must produce competent medical evidence of a physical impairment which could cause pain as severe as he claims to experience or he must produce such evidence of a mental impairment which causes him to perceive incapacitating pain in the absence of a physical impairment medically capable of causing pain of that severity. In the latter case, the existence of such a mental impairment cannot simply be inferred from the fact that the claimant honestly believes that his pain is incapacitating, although his perception tends to show such a psychological impairment exists, and the existence of a medically demonstrable psychological impairment causing that perception must be medically demonstrated by independent evidence.

Any disability caused by pain necessarily involves the subjective feelings of the claimant. The requirement of medical substantiation does not necessitate or "permit the Secretary, under the guise of 'medically determinable . . . impairment', to approach the determination of 'disability' * * * from an exclusively technical viewpoint." *Mark v. Celebrezze, supra,* 348 F.2d at 292; *Day v. Weinberger,* 522 F.2d 1154, 1156 (9 Cir. 1975); *Bishop v. Weinberger, supra,* 380 F.Supp. at 296 n. 1. However, these factors cannot "overrule the basic statutory mandate that disability benefits under the Social Security Act are to be awarded only in cases of disability 'by reason of any [some] medically determinable physical or mental impairment.'" *Mark v. Celebrezze, supra,* 348 F.2d at 292 (brackets in original); *Flake v. Gardner,* 399 F.2d 532, 540–541 (9 Cir. 1968).

Accordingly, IT IS HEREBY ORDERED that this case is remanded to the Secretary for consideration of the new evidence described in this order and of any other new evidence which the Secretary may accept

and for a finding on the need for a medical examination concerning the cause of plaintiff's allegedly disabling headaches.