Helen M. TREADWAY,
Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr.,* as Secretary of Health, Education, and Welfare, Defendant-Appellee.

No. 76–2707.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1978.

* The name of Joseph A. Califano, Jr. is substituted for that of F. David Mathews, in accordance with Fed.R.Civ.P. 25(d)(1).

**1172**

Thomas Schneider (argued), Berkeley, Cal., for plaintiff-appellant.

John L. Kern, Asst. U. S. Atty., Washington, D. C. (argued), Stephen A. Shefler, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before HUFSTEDLER and TANG, Circuit Judges, and SMITH,** District Judge.

PER CURIAM:

Appellant sought disability insurance benefits under the Social Security Act (42 U.S.C. §§ 401, *et seq.*). A hearing was held before an administrative law judge who denied the claim. His decision was approved by the Appeals Council and became the final decision of the Secretary. Cross-motions for summary judgment were filed, and the appellant filed a motion to remand. The district court denied the motion to remand and entered summary judgment for the Secretary.

Section 205(g) of the Act (42 U.S.C. § 405(g)) provides in part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive
>
> .  .  .  .

There was substantial evidence to support the decision of the administrative law judge on the merits.

In support of the motion for remand, appellant urged that she had appeared without counsel; that Dr. Deen, a psychiatrist, whose report formed in part the basis for the administrative law judge's findings, was not called for cross-examination; and that, subsequent to the denial of the claim, a further examination had been performed by another psychiatrist.

** The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

■ While the substantial evidence standard is used when the court passes upon the merits in a ruling on motion for summary judgment, a court may remand for good cause even though the record as made would support a summary judgment denying relief. *Kemp v. Weinberger,* 522 F.2d 967 (9th Cir. 1975); *Estep v. Richardson,* 465 F.2d 969 (6th Cir. 1972); *Parker v. Califano,* 441 F.Supp. 1174 (N.D.Cal.1977).

■ It is not clear from the record just what standard the district court used. During the hearing on the motion to remand, the following colloquy occurred:

MR. SCHNEIDER: Your Honor, the Social Security Act itself and many cases say that as long as there is good ground for remand, and that good ground for remand is in the sound discretion of the Trial Court, even though there is substantial evidence to support the government, the court has the discretion to remand.

THE COURT: You are sure jumping ahead. That is a motion for summary judgment.

MR. SCHNEIDER: That is my motion for remand. If there is any doubt about that, *Arms v. Gardner* disposes of it.

THE COURT: I can't remand for good cause. There is a standard to be applied with or without remand in determining eventual disposition of the case, which is not whether or not there is substantial—

MR. SCHNEIDER: Certainly. Eventual disposition, but in the meantime the court has the power to remand . . . . That is my position, Your Honor.

THE COURT: Okay.

MR. BASSETT: If it please the court, my name is Jerry Bassett from the Department of Health, Education and Welfare.

In response to plaintiff's motion to remand, the Department has filed a motion for summary judgment, the plaintiff has filed a reply memo.

The attorney for appellant then argued the motion to remand, and toward the end of the hearing the district court said:

I have no doubt but what the petitioner suffers from some disorders which are uncomfortable, unpleasant, and somewhat disabling. I don't know to what extent, but the Administrative Law Judge held that plaintiff has no physical or mental impairments that either singly or in combination are so severe as to preclude her from engaging in any substantial gainful activity.

He also found that she retained a physical and mental capacity to perform her work, decorating cakes, cashier, bookkeeping, as long as she avoided managerial responsibilities. So she is able to do some work, and that is the test.

Although I am not unsympathetic, I believe it would be a breach of discretion for me to grant the motion to remand at this time. It would also be a breach of discretion to do other than grant the motion for summary judgment. That will be the order.

The appellant did have a right to have the trial court exercise its discretion on the basis of the equitable considerations involved as to whether or not a remand should be granted. It may be that the court applied the proper standard, but on the record we cannot be certain.

For these reasons, the order denying the motion to remand is revised, and the case is remanded to the district court. On remand, the district court shall determine whether good cause for a remand was shown. This finding may be based on the record heretofore made, or after such further proceedings as to the district court in its discretion may order.

■ *The petition for attorney's fees is* denied. It is premature.